```
    D57dsans
                            Sentence
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x
 3  UNITED STATES OF AMERICA,            New York, N.Y.
 4           v.                          10 Cr. 1057 (KMW)
 5  STEVEN J. SANTANA, JR.,
 6              Defendant.
 7  ------------------------------x
 8
                                         May 7, 2013
 9                                       12:05 p.m.
10
    Before:
11
                        HON. KIMBA M. WOOD,
12
                                         District Judge
13
14                          APPEARANCES
15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    BY:  ALVIN L. BRAGG
17       Assistant United States Attorney
18  PATRICK JOYCE
         Attorney for Defendant
19
20         - also present -
21  Matthew Kelly,
         Intern, U.S. Attorney's Office
22
23
24
25
```

```
D57dsans
                            Sentence
```

1            THE CLERK:  The Court calls the United States of
2    America against Steven J. Santana.
3            Will counsel please state their appearances.
4            MR. BRAGG:  Good afternoon, your Honor.  Alvin Bragg
5    for the government, and with me is Matthew Kelly, an intern in
6    the U.S. Attorney's Office.
7            THE COURT:  Welcome.
8            MR. JOYCE:  Good afternoon, your Honor.  Patrick
9    Joyce, J-o-y-c-e, on behalf of Mr. Santana.
10           THE COURT:  Good afternoon.
11           And good afternoon, Mr. Santana.
12           THE DEFENDANT:  Good afternoon, your Honor.
13           THE COURT:  There may be no dispute as to the
14   appropriate sentence here.
15           But let me begin by asking defense counsel, have you
16   and your client had an adequate opportunity to review the
17   presentence report?
18           MR. JOYCE:  Yes, your Honor.
19           THE COURT:  Do you have anything you wish to have
20   changed in it?
21           MR. JOYCE:  No, your Honor.
22           THE COURT:  All right.  Now, would you be arguing -- I
23   take it you are -- for the sentence recommended by Probation?
24           MR. JOYCE:  That is correct, a concurrent sentence
25   with the sentence that Mr. Santana previously is already

D57dsans
                              Sentence

1   serving.

2           THE COURT:  Let me move to the government.

3            Does the government agree?

4           MR. BRAGG:  No, your Honor, and, I mean, I would be

5   very brief because there is no dispute as to the actual

6   guidelines.  The only issue appears to be concurrent versus

7   consecutive.  And as your Honor probably is aware, the U.S.

8   Attorney's Office's position generally in these types of

9   circumstances are that this was a separate offense and because

10  it is a separate offense --

11          THE COURT:  It was, I agree.  I didn't mean to

12  interrupt you.  Of course it was a separate offense, and

13  normally I penalize people separately for a separate offense.

14  But here Judge Davis penalized the defendant by adding two

15  points to his advisory guideline levels -- two levels, sorry,

16  which appears to me to be an appropriate punishment.

17           Do you think it is not?

18          MR. BRAGG:  Just on that point, I would say -- it was

19  certainly calculated.  It was taken into account in the

20  guidelines' range, and I certainly think it is something your

21  Honor should consider.

22           I think also worthy of consideration is that it didn't

23  appear to impact the ultimate sentence in that the two-level

24  bump up there didn't actually move the guidelines' range; I

25  think he was 360 to life either way.  And then the ultimate

Sentence

1   sentence was well below, I think, as Mr. Joyce, you know, may
2   have pointed out, ten years below the range.
3          So certainly worthy of consideration that it was
4   before that Court.  You know, it is the government's concern
5   that it is sort of a signal that -- as I say, it is separate.
6   I don't think it is something that should be dismissed; I think
7   it should be given weight.  But given the mix of factors there,
8   the seriousness of the offense, the length of that sentence,
9   while it was below guidelines, it doesn't appear that that's
10  something that was really -- it was factored in as a legal
11  matter certainly, but as a practical matter it didn't affect
12  the guidelines' range.
13         THE COURT:  No, but it might have affected the extent
14  of the downward departure.
15         MR. BRAGG:  Certainly, your Honor, and I just raise --
16         THE COURT:  We can't know that.
17         MR. BRAGG:  Exactly.  So I would just raise that.
18  And, really, the only other point I would draw the Court's
19  attention to is that in the PSR there are a couple of prior
20  incidents of resisting arrest, which I think is also something
21  that the Court should consider.
22         But, you know, Mr. Santana is doing a very long
23  sentence for the underlying crime, which this is certainly
24  related, so I am not going to run from those facts.  I just
25  wanted to draw the Court's attention to I think the

D57dsans
Sentence

government's view of what may have happened in the Eastern District of Pennsylvania and the impact or lack of impact on the guidelines' range there.

But with that said, Mr. Joyce makes some points that I certainly think your Honor should consider and balance against the points I have made.

THE COURT:  Thank you.

MR. BRAGG:  Thank you, your Honor.

THE COURT:  Yes, Mr. Joyce.

MR. JOYCE:  Your Honor, it is somewhat rare that I stand before a court and say please sentence my client to what Probation has recommended.  Usually we are asking for some type of deviation, and it is not necessary here.  And the question might be so why would a Court or would Probation say that Mr. Santana has been punished enough?  I think there are some reasons.

I think, first of all, your Honor, because of the nature of the duality of these two cases, Mr. Santana has been incarcerated in the MCC here and in Philadelphia for 36 months. It has been three years during the period of time, and it is mostly because that other case was in existence as he was fighting the case, and that is a long time for someone to be in these types of incarcerated situations.

The other part is that the other factor where punishment does come into play even where the Court sentences

D57dsans
Sentence

1   Mr. Santana to a concurrent sentence is that this type of
2   sentence labels Mr. Santana when he goes into the Bureau of
3   Prisons.  It is the tape of behavior where there will be
4   certainly a calculation placed upon him because of it, and I
5   think that that is a punishment even if you sentence him to
6   concurrent time.  And as the court mentioned, I do believe that
7   especially if you look at the colloquy with the judge down in
8   Philadelphia, he definitely took into consideration this
9   activity when he found what he felt was an appropriate sentence
10  for Mr. Santana.
11            Briefly, your Honor, the question then becomes so why
12  does Steven Santana run the way he did?  You know, and the
13  court, I'm sure, read the presentence report.  He hasn't had an
14  easy life and this is not an excuse, but certainly people maybe
15  aren't as trustful of the government when they come to the
16  door.  I know that the footnote notices this, and it is true
17  that Mr. Santana's stepfather was wrongfully convicted of
18  murder in the Bronx and he has now been released.  But
19  someone's mentality might be different raised in different
20  circumstances, and, again, not as an excuse but by way of
21  explanation.
22            But I think, most importantly, your Honor, one of the
23  reasons why we're asking for concurrent time is that when an
24  individual knows he's going to jail for a long time and knows
25  that he's not getting out for a long time, oftentimes there is

D57dsans
Sentence

1   a complete shutdown, and that's not what Steven Santana did.
2   While he has been in prison, I produced to the Court all the
3   number of activities, all the different certificates, the
4   things he has been active in which I think show a commitment to
5   his statement when he says when I get out I am going to take
6   care of business.
7           Finally, your Honor, he also still, even though he has
8   been sentenced to 20 years, has the support of his family.
9   Miss Johnson says very wonderful things about him as a
10  stepfather and as a committed coparent.
11          And for all those reasons, your Honor, we again
12  request that Mr. Santana be sentenced to a concurrent sentence.
13          Finally, your Honor, Mr. Santana's family is in New
14  York and in Philadelphia.  So I ask the Court recommend to the
15  Bureau of Prisons that he be kept in the region which includes
16  the states of New York, New Jersey and Pennsylvania.
17          Thank you, your Honor.
18          THE COURT:  Very well.  I will make that
19  recommendation.
20          Mr. Santana, there is no requirement for you to say
21  anything now, but if you would like to speak, I would be glad
22  to hear you.
23          THE DEFENDANT:  Yes, your Honor.
24          Your Honor, my actions was wrong; they got me
25  incarcerated.  My actions was wrong, I understand that.  I have

                              Sentence

1    been incarcerated for three years.  The sentence I have
2    received, 20 years, had a huge impact on my life.  My kids is
3    going to be close to the years -- close to the age I was when I
4    got incarcerated, and that hurts it hurts to know that.  And I
5    understand that I've done this wrong.  I really believe a
6    20-year sentence is a little too harsh for me, but it is what
7    it is and I am just trying to better myself while being
8    incarcerated, trying to take as much programs as possible to be
9    here, to be a successful, productive citizen in society, your
10   Honor.  And I just ask leniency upon the sentence, your Honor.
11          Thank you.
12          THE COURT:  Well, thank you.  I truly am impressed at
13   how you have been trying to better yourself in prison.  I hope
14   you continue to do that.  I think you will continue to do that.
15          Would the government like to be heard?
16          MR. BRAGG:  I have nothing to add, your Honor.
17          THE COURT:  All right.
18          MR. BRAGG:  Thank you.
19          THE COURT:  As I must, I begin by calculating the
20   total offense level under the advisory Sentencing Guidelines.
21   The total offense level is 13, as calculated in the plea
22   agreement and in the presentence report.  Defendant is in
23   Criminal History Category VI by virtue of his 13 points.  13
24   points is at the low level of Criminal History Category VI, I
25   note.

Sentence

1        Turning to the considerations under Section 3553, I
2   find that the nature and circumstances of the offense are very
3   serious.  The history and characteristics of the defendant are
4   troubling because of his persistence in fighting arrests
5   violently.  However, his behavior in prison has been good.  It
6   has been long-term and he deserves credit and leniency for
7   that.
8        To reflect the seriousness of the offense and promote
9   respect for the law as well as provide just punishment, I find
10  that a concurrent sentence is appropriate because, in my view,
11  Judge Davis did consider when he sentenced Mr. Santana the
12  two-point downward -- I'm sorry, the two-point upward
13  adjustment for the resisting arrest that is the same as the
14  crime for which I am now punishing Mr. Santana.
15       I thus impose 41 months in custody to be served
16  concurrently to Mr. Santana's federal sentence under docket
17  number 10-00637-01(LDD).
18       Mr. Santana, when you are released you will be on
19  supervised release for three years.
20       I impose no fine because you don't have the money to
21  pay a fine.
22       I am required to impose a special assessment of $100,
23  which I now impose, and that is due immediately.
24       The standard and mandatory conditions of supervision
25  will apply.

D57dsans
Sentence

1           In addition, the following special conditions will
2     apply.  For the benefit of counsel, I note that I am reading
3     from page 28 of the presentence report.
4           Mr. Santana must participate in a program approved by
5     the U.S. Probation Office which program may include testing to
6     determine whether he has reverted to using drugs or alcohol.  I
7     authorize the release of available drug treatment evaluations
8     and reports to the substance abuse treatment provider as
9     approved by the probation office.
10          He will be required to contribute to the cost of
11    services rendered (copayment) in an amount determined by his
12    probation officer based on his ability to pay or the
13    availability of third-party payment.
14          You must participate in an alcohol aftercare treatment
15    program under a copayment plan which may include testing via
16    Breathalyzer at the direction and discretion of your probation
17    officer.
18          You must submit your person, residence, place of
19    business, vehicle or any premises under your control to a
20    search on the basis that your probation officer has reasonable
21    belief that contraband or evidence of a violation of the
22    conditions of release may be found.  The search must be
23    conducted at a reasonable times and in a reasonable manner.
24    Failure to submit to a search may be grounds for revocation.
25    You must inform any other residents that the premises may be

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

D57dsans
                              Sentence

1    subject to search pursuant to this condition.
2             When you are released from the Bureau of Prisons, you
3    must report to the nearest Probation Office within 72 hours of
4    your release.
5             You will be supervised by the district of residence.
6             Are there any charges to be dismissed?
7             MR. BRAGG:  No, your Honor.
8             THE COURT:  Is there anything further before I read
9    defendant his appeal rights?
10            MR. BRAGG:  No, your Honor.
11            MR. JOYCE:  Your Honor, just the recommendation
12   that --
13            THE COURT:  I will make that recommendation.
14            MR. JOYCE:  Thank you.
15            THE COURT:  Mr. Santana, you can appeal your
16   conviction if you believe that your guilty plea was somehow
17   unlawful or involuntary or if there is some other fundamental
18   defect in the proceedings that was not waived by your guilty
19   plea.  You also have a statutory right to appeal your sentence
20   under certain circumstances.
21            With few exceptions, any Notice of Appeal must be
22   filed within 14 days of judgment being entered in the case.
23   Judgment is likely to be entered today or within the next few
24   days.
25            If you are not able to pay the cost of an appeal, you

```
D57dsans
                           Sentence
```

1  may apply for leave to appeal in forma pauperis.  If you
2  request, the Clerk of the Court will prepare and file a Notice
3  of Appeal on your behalf.
4          As I said before, I hope that you continue to better
5  yourself while in prison.  And I wish you good luck.
6          THE DEFENDANT:  Thank you.
7          MR. BRAGG:  Thank you, your Honor.
8          MR. JOYCE:  Thank you, your Honor.

10                         -  -  -